IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR308 |
| v. | |
| KATHERINE L. WOITASZEWSKI, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Katherine L. Woitaszewski's ("Woitaszewski") Motion to Suppress (Filing No. 42) "all evidence obtained, seized, and otherwise confiscated as a result of a traffic stop that occurred on or about October 28th, 2020 near the cross streets of Abbott and Locust on a section of Abbott Dr. that appears to be in the State of Iowa." Woitaszewski contends the officers who arrested her acted outside their jurisdiction, unlawfully prolonged the stop to try to identify her, and improperly obtained incriminating statements from her before apprising her of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

Following an evidentiary hearing on November 8, 2021, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 77) recommending Woitaszewski's motion to suppress be denied. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Based on the evidence presented at the hearing, the magistrate judge concluded the stop took place in Nebraska and was supported by probable cause. The magistrate judge further decided that the officers had reasonable suspicion to detain Woitaszewski and that her custodial statements were entirely voluntary—not the result of interrogation.

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

Woitaszewski objects (Filing No. 78) to the magistrate judge's "finding" that she "was in custody after she was removed from the truck." Woitaszewski asserts she was in "custody the moment the traffic stop started." In her view, the officers violated her rights by immediately asking her incriminating questions without first *Mirandizing* her. She argues her statements "that led to the discovery of a firearm" and "the evidence obtained as a result of the statements should be suppressed."

In response (Filing No. 80), the government contends "Woitaszewski never establishes why it is constitutionally significant if she was in custody at the inception of the traffic stop or once she was formally placed under arrest." The government maintains Woitaszewski has not identified any questions that constitute unlawful interrogation. According to the government, Woitaszewski's objection "incorrectly frames" the relevant timeline and fails to properly account for the public-safety exception described in *United States v. Liddell*, 517 F.3d 1007, 1009 (8th Cir. 2008), and other binding precedent.

Upon careful de novo review of Woitaszewski's objection, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3), the Court concludes she has not stated sufficient grounds to warrant granting her motion to suppress. In short, Woitaszewski has not persuaded the Court that her statements were obtained in violation of her *Miranda* rights. Accordingly,

IT IS ORDERED:
1. Defendant Katherine L. Woitaszewski's objection (Filing No. 78) is overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 77) is accepted.
3. Woitaszewski's Motion to Suppress (Filing No. 42) is denied.

Dated this 14th day of February 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge